## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

DAREK GREEN, individually and on
behalf of all others similarly situated,

    Hon. Joseph H. Rodriguez

        *Plaintiffs*,

    Civil No. 21-cv-10068

        v.

MRS BPO, LLC,

    **OPINION & ORDER**

        *Defendant*.

Plaintiff Darek Green ("Plaintiff") filed this class action under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., against Defendant MRS BPO, LLC ("MRS"), on behalf of Ohio consumers whose private debt-related information was allegedly disclosed by Defendant to an unauthorized third-party mail vendor in the collection of the consumers' debt. MRS previously moved for judgment as a matter of law based on the substantive merits of Plaintiff's claims, which Plaintiff opposed. [Dkt. 25, 29]. In observance of its obligation to assure itself of litigants' standing under Article III, the Court issued an Order April 25, 2023 denying that motion without prejudice and directing the parties to submit supplemental briefing on the issue of Article III standing and setting a briefing schedule. [Dkt. 35]. MRS filed a timely supplemental brief on May 12, 2023 in accordance with the Court's Order. [Dkt. 36]. Plaintiff's June 2, 2023 deadline for responding passed with no filing having been

made, to date. The issue of Plaintiff's Article III standing, as framed by the order to show cause and Defendant's supplemental brief, is now ripe for adjudication.

## I.    Background

MRS is a collection agency with its principal place of business in New Jersey. Green was obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due, a creditor other than MRS. The obligation in question (the "Debt") arose out of a consumer transaction in which money, property, insurance, or services, which are the subject of the transaction, are primarily for personal or family medical purposes.

On or about February 4, 2021, the Debt was placed with MRS for collection. On or about February 6, 2021, MRS caused a written communication (the "Letter") related to the account to be sent to Plaintiff by sending a request via encrypted data file to HOV Services, Inc. ("HOV"). (*Perkins Decl.* ¶ 5) [Dkt. 25-5]. The Letter identifies "MRS Associates" in its top right-hand corner. (*Id.* at ¶ 6). The Letter states that it is "an attempt to collect a debt." (*Id.*). The Letter informed Plaintiff of the balance due on his account. (*Id.* at ¶ 7). The Letter also included an address for MRS to which Plaintiff could send payments. (*Id.* at ¶ 8). On or before February 6, 2021, and March 31, 2021 HOV Services, Inc. ("HOV") received an encrypted data file from MRS ("encrypted data files") requesting HOV to print and mail certain letters on behalf of MRS. Defendant's Statement of Material Facts at ¶ 12. The process used to generate letters is completely automated and designed to require no human intervention in the process and no employee of HOV viewing any of the MRS letter data. *(Perkins Decl.  ¶ 8).* Once the database creates the print files and addresses have been confirmed, the letters are sent electronically and securely to a secured print server where they remain until HOV is

ready to initiate the printing process. (*Id.*). On or about February 6, 2021, and March 31, 2021, HOV printed and mailed all of the letters requested by MRS in the encrypted data files. The Letter was printed and mailed by HOV, an indirect subsidiary of Exela Technologies, Inc. ("Exela"), which is not a party to this action. (*Id.* at ¶ 9).

Plaintiff brought this action seeking to recover statutory damages, costs and fees from MRS under the Fair Debt Collections Practices Act ("FDCPA") 15 U.S.C. §§ 1692(c) et seq. and 1692(f) et seq. Plaintiff alleges that MRS violated Section 1692(c) of the FDCPA when Defendant sent information regarding Plaintiff and the Debt, including his name, the amount allegedly owed, and Plaintiff's home address, to HOV (a third party commercial mail house) with the objective being communication with, and motivation of, the consumer to pay the alleged Debt. Plaintiff also alleges that MRS's use of a letter vendor violates Section 1692(f), which generally prohibits the use of unfair practices in the collection of debt. See 15 U.S.C. § 1692(f). *See* Compl. ¶ 50 ("Defendant violated 15 U.S.C. §§ 1692f by using unfair means in collection with the collection of a debt, to wit, knowingly disclosing sensitive information about Plaintiff's debt to third parties not expressly authorized under the FDCPA.").

## II.    Discussion

"[F]ederal courts 'have an obligation to assure [them]selves of litigants' standing under Article III.'" *See, e.g., Wayne Land & Min. Grp., LLC v. Delaware River Basin Comm'n*, 959 F.3d 569, 574 (3d Cir. 2020) (quoting *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 340 (2006)). Article III of the United States Constitution limits federal judicial power to the adjudication of live cases or controversies. *See Common Cause of Pa. v. Pennsylvania*, 558 F.3d 249, 257-58 (3d Cir. 2009) (citing U.S. Const. art. III, §

3

2). The case-or-controversy requirement "is satisfied only where a plaintiff has

standing." *See id.* at 258 (citing *Sprint Commc'ns Co. v. APCC Servs., Inc.*, 554 U.S. 269

(2008)). A plaintiff does not have Article III standing unless: (1) "the plaintiff . . .

suffered a 'concrete,' 'particularized' injury-in-fact, which must be 'actual or imminent,

not conjectural or hypothetical' "; (2) the "injury [is] 'fairly traceable to the challenged

action of the defendant, and not the result of the independent action of some third party

not before the court'"; and (3) "a favorable decision likely would redress the injury." *See*

*Toll Bros., Inc. v. Twp. of Readington*, 555 F.3d 131, 138 (3d Cir. 2009) (quoting *Lujan*

*v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)).

Where identifying information has been disclosed to a mailing vendor as alleged

here, courts consistently find that there is not publicity to the public at large and

therefore the harm lacks a close relationship with a traditional common law tort to

confer standing. *See, e.g., Okten v. ARS Nat'l Servs., Inc.*, No. CV 22443, 2023 WL

3249828, at *4 (D.N.J. May 4, 2023) ("[Plaintiff's] mail vendor theory of harm fails to

allege a concrete harm because she fails to allege that her personal information was

given any publicity."); *Rohl v. Pro. Fin. Co., Inc.*, No. 2117507, 2022 WL 1748244, at *3

(D.N.J. May 31, 2022) (finding no publication where plaintiff's complaint did "not allege

that her private information was publicized to the general public"); *Barclift v. Keystone*

*Credit Servs., LLC*, No. 21-4335, 2022 WL 444267, at *9 (E.D. Pa. Feb. 14, 2022)

("[e]ven assuming that the employees of the mailing vendor read [the plaintiff's]

personal information, sharing her personal information with a small group of persons is

not publicity.") (internal quotations omitted). In the instant matter, Plaintiff's mail

vendor theory of harm fails for the same reason—it involves no publicity. Plaintiff is

asserting merely statutory violations and, accordingly, Plaintiff lacks standing. Plaintiff's claims are therefore dismissed without prejudice for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12 (h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

### III.    Conclusion

For the reasons set forth herein, **IT IS** on this **29th** day of **June 2023** hereby **ORDERED** that Plaintiff's complaint is dismissed for lack of standing.


s/ Joseph H. Rodriguez
Hon. Joseph H. Rodriguez,
UNITED STATES DISTRICT JUDGE